UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No:

HARRY RUDDIMAN, Individually, and
on Behalf of All Employees Similarly Situated

      Plaintiff,

vs.

HILTON WORLDWIDE HOLDINGS, INC.;
GEM HOSPITALITY, LLC;
SHIRAZ MANAGEMENT LLC
A/K/A HILTON PALM BEACH AIRPORT

      Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, HARRY RUDDIMAN, (hereinafter "Plaintiff" or "Mr. Ruddiman"), individually, and on behalf of all employees similarly situated, by and through his undersigned counsel, files this Collective Action Complaint, and alleges against Defendants, GEM HOSPITALITY, LLC a/k/a GEM HOSPITALITY (hereinafter "GEM"), SHIRAZ MANAGEMENT LLC (hereinafter "SHIRAZ") a/k/a HILTON PALM BEACH AIRPORT, and HILTON WORLDWIDE HOLDINGS, INC. (hereinafter referred to collectively as "Defendants"). who employed the Plaintiff and similarly situated employees at the HILTON PALM BEACH AIRPORT.

The Plaintiff alleges the following based on personal knowledge of the Plaintiff and Plaintiff's own acts, and upon information and belief as to all matters based upon findings conducted by and through Plaintiff's attorneys, which included, among all things, a review of Plaintiff's time sheet records and earnings statements issued from the Defendant.

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff, Mr. Ruddiman resides within the geographical jurisdiction of the Southern District of Florida and is a citizen of the State of Florida. Plaintiff is over the age of 18 and is otherwise a *sui juris* resident of Palm Beach County, at all times material, and consents to participate in this lawsuit.

3.      Defendant, GEM, is a Delaware limited liability corporation, qualified to do, and doing business in Florida, and within the jurisdiction of this Court, which employed Plaintiff and all others similarly situated. GEM employed Plaintiff and all others similarly situated as indicated by their payroll records.

4.      Defendant, SHIRAZ, a/k/a HILTON PALM BEACH AIRPORT is a Florida limited liability corporation, qualified to do, and doing business in Florida, with its principal place of business in Florida, and within the jurisdiction of this Court, which employed Plaintiff and the party plaintiffs of this class action.

5.      Plaintiff is informed and believes, and thereon alleges, that Defendant, HILTON WORLDWIDE HOLDINGS, INC., is, and at all times relevant hereto was, a Delaware corporation, qualified to do, and doing business in Florida. HILTON WORLDWIDE HOLDINGS, Inc. is franchisor of the Hilton Palm Beach Airport hotel that is officially known as SHIRAZ, their franchisee.

6.      Venue is proper pursuant to 28 U.S.C. §1391 (b)(ii) because the three Defendants each transact business in this District. The Plaintiff and all others similarly situated were employed by GEM in the District. SHIRAZ's principal place of business is in the District. HILTON WORLDWIDE HOLDINGS, INC., the franchisor, was in a contractual relationship with

2

SHIRAZ, the franchisee; as such, HILTON WORLDWIDE HOLDINGS, INC. is considered a joint employer of the Plaintiff and all others similarly situated who worked for and were due to be paid by the franchisee SHIRAZ in this District, and because most if not all of the operational decisions were made in this District.

7.     At all relevant times herein, GEM, SHIRAZ, and HILTON WORLDWIDE HOLDINGS, INC. were direct employers, joint employers, and co-employers for purposes of the Federal Labor Standards Act of 1938, as the term "employer" is defined by 29 U.S.C. §203(d). All three Defendants employed Plaintiff and all others similarly situated. Plaintiff is informed and believes, and thereon allege, that at all times material to this complaint the Defendants were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint ventures, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her or its co-Defendant, and was the alter ego of the other.

8.     Plaintiff, on behalf of himself and other similarly situated current and former non-exempt employees of Defendants in the state of Florida at any time within the period beginning two (2) years prior to the filing of this action, and continuing while this action is pending, and ending at the time this action settles or proceeds to final judgment. The Plaintiff brings this class action on behalf of himself and all similarly situated individuals to recover, among other things, wages and penalties from unpaid wages and tips earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime compensation, illegal meal and rest period policies, failure to maintain required records, failure to provide itemized wage statements, and interest, attorneys' fees, costs, and expenses.

9.      Plaintiff brings this action on behalf of himself and all similarly situated individuals ("Class Members): all current and former non-exempt employees of Defendants in the state of Florida at any time within the period beginning three years prior to the filing of this action, and continuing while this action is pending, and ending at the time this action settles or proceeds to final judgment. The Plaintiff brings this class action on behalf of himself and all similarly situated individuals to recover, among other things, wages and penalties, resulting from the Defendants' willful violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.*

10.      This court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* including *216(b).*

## GENERAL ALLEGATIONS

11.      This is a class action to recover the wages and penalties from unpaid wages and tips earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime compensation, illegal meal and rest period policies, failure to maintain required records, failure to provide itemized wage statements, liquidated damages and interest, attorneys' fees, costs, and expenses pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.* against the defendants, who intentionally and willfully engaged in unfair employment practices that violated the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*

12.      Plaintiff and all others similarly situated were employees of the Defendants, as the term "employee" is defined by 29 U.D.C. section 203(e). Plaintiff and all others similarly situated

were non-exempt employees of the Defendants. In particular, the Plaintiff and all others similarly situated worked for the Defendants as tipped workers.

13.     Defendants agreed to pay the Plaintiff and all others similarly situated an hourly rate of pay in addition to their tips.

14.     The Plaintiff, on behalf of himself and all others similarly situated, files this Class Action Complaint against the Defendants alleging the pay, timekeeping, and business practices on the part of the Defendants violated the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.* in the following ways:

A.  The Defendants deducted 30 minutes from shifts for bona fide meal breaks even though the Plaintiff and all others similarly situated did not take meal breaks because they were not allowed to. At the same time, the Defendants failed to pay the Plaintiff and all others similarly situated for this time that they actually worked. In addition to failing to pay its employees for time worked, the Defendants' fraudulent timekeeping practices were done to cover up the fact they did not allow their employees to take a 30-minute meal break.

B.  The Defendants failed to pay minimum wage during times (such as construction renovations and banquets) when tips did not offset the Defendants' tip credit.

C.  The Defendants failed to include the Plaintiff and those similarly situated in the tip pool if they assumed or suspected they received cash tips, without any evidence or verification.

D.  The Defendants failed to properly pay overtime to the Plaintiff and the other similarly situated for the hours they worked in excess of forty (40) hours for one or more workweeks.

E.   The Defendants failed to properly pay the training wage promised to the Plaintiff and all others similarly situated during mandatory staff meetings and training sessions that were frequently required the employees to come in on their days off.

F.   The Defendants failed to pay the Plaintiff and those similarly situated the minimum wage for hours in which they performed non-tip generating duties such as setting up several hours before a banquet and cleaning up after a banquet.

G.   The Defendants utilized overrides to change pay rates that fluctuated from pay period to pay period to the detriment of the Plaintiff and all others similarly situated.

15.     Defendants knew that their refusal to pay overtime and minimum wage is and was at all times prohibited by the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq*, as evidenced by a pervasive pattern to deduct hours of bona fide meals not taken, to not adjust the hourly rate when not enough tips were not generated to offset the tip credit taken by the Defendants, and to use department overrides to adjust the pay rates for overtime pay rates during pay periods when employees worked more than forty (40) hours.

16.     As a direct and proximate result of the aforementioned violations, the Defendants failed to maintain proper time records as mandated by the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq* regarding the hours worked by the Plaintiff and all others similarly situated.

17.     To the extent that complete records exist regarding the exact dates of employment for the Plaintiff and all others situated, such records are in the exclusive custody of Defendants.

The Plaintiff has most but not all payroll records. A review of the earning statements for the Plaintiff and all others similarly situated is needed to ascertain the extent to which the plaintiffs and all others similarly situated suffered from loss of earnings. However, due to the Defendants' accounting practices that include overrides that lowered pay rates, it may be impossible to determine the extent to which the Defendants failed to pay wages and other forms of income to the Plaintiff and all others similarly situated.

18.     In connection to the aforementioned violations, the Defendants failed to furnish the Plaintiff and all others similarly situated with accurate itemized statements pursuant to the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*

19.     Plaintiff is informed and believes, and thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and /or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of, each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

20.     As a direct and proximate result of the unlawful actions of Defendants, the Plaintiff and all others similarly situated have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## COLLECTIVE ACTION ALLEGATIONS

21.     This action is appropriately suits for a collective action because:

    A. The joinder of all current and former employees individually would be impractical.

B.   This action involves common questions of law and fact to the potential class because the action focuses on the Defendants systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.* which prohibits unfair business practices arising from such violations.

C.   The claims of Plaintiff are typical of the class because Defendants subjected all non-exempt employees to the identical violations of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*

D.   Plaintiff is able to fairly and adequately protect the interests of any and all members of the class because it is in their best interests to prosecute the claims alleged herein to obtain full compensation due to the class for all services rendered and hours worked. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the class and have the financial resources to do so. Neither Plaintiff nor his counsel have interests that are contrary to or that conflict with class members.

E.   The common issues that comprise the basis for this lawsuit predominant over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

F.   A class action is superior to the adjudication of the claims of class members individually for the following reasons:

    a.   Absent a class action, the plaintiff and all class members would be unable to obtain redress.

b.  Absent a class action, Defendants' violations of its legal obligations will continue without remedy.

c.  Absent a class action, additional employees will be harmed, and Defendants will continue to retain its ill-gotten gains.

d.  It would be substantial hardship for most individual class members if they were forced to prosecute individual actions.

e.  Once the Defendants' liability has been adjudicated, the Court will be able to determine the claims of all Class members.

f.  A collective action will permit an orderly and expeditious administration of the claims, foster economies of time, effort, and expense, and ensure uniformity of decisions.

g.  The lawsuit presents no difficulties that would impede its management by the Court as a collective action.

h.  Defendants have acted on grounds generally applicable to class members, making class-wide relief appropriate.

## **FACTUAL ALLEGATIONS**

22.     Plaintiff was employed with Defendants in the capacity of bartender/server/banquet bartender at the Hilton Palm Beach Airport from September 25, 2015 to February 8, 2018.

23.     Due to GEM's fraudulent timekeeping practices, Plaintiff was denied wages that he lawfully earned, which is a violation of 29 U.S.C. § 201 and according to the provisions of the Federal Labor Standards Act of 1938.

24.     At all times material hereto, GEM failed to accurately maintain timekeeping records for hours worked by Plaintiff, which is a violation of 29 U.S.C. § 211 pursuant to the Federal Labor Standards Act of 1938.

25.     The pay practices on the part of GEM violated the Federal Labor Standards Act of 1938 as it failed to properly pay wages due to Plaintiff.

## FIRST CAUSE OF ACTION

26.     While the Plaintiff Mr. Ruddiman was employed by Defendants, Defendants required, permitted or otherwise suffered the Plaintiff and class members to not take their 30-minute meal period, to work through them, and they otherwise failed to provide the required meal periods to the Plaintiff and class members; the Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq*.

27.     At the same time, the Defendants accepted the work performed by Plaintiff; therefore, Defendants must compensate Plaintiff for work performed.  Plaintiff and all others similarly situated are entitled to receive an accurately calculated hourly rate at a rate $6.00 for each hour worked, but the Plaintiff reserves the right to modify this rate after discovery.

28.     GEM intentionally and willfully failed to compensate Plaintiff for each half-hour meal break worked as required by 29 U.S.C. § 201 and intentionally and willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938.

29.     During the period of November 1, 2016 to November 15, 2016, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of

the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq*.  Therefore, Plaintiff is entitled to recover $414.00. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $414.00.  Plaintiff is entitled to recover a total of **$828.00** for the period of November 1, 2016 to November 15, 2016.

30.     During the period of November 16, 2016 to November 30, 2016, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq*.  Therefore, Plaintiff is entitled to recover $512.24.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $512.24.  Plaintiff is entitled to recover a total of **$1,024.48** for the period of November 16, 2016 to November 30, 2016.

31.     During the period of December 1, 2016 to December 15, 2016, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.* Therefore, Plaintiff is entitled to recover $163.69.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $163.69.  Plaintiff is entitled to recover a total of **$327.38** for the period of December 1, 2016 to December 15, 2016.

32.     During the period of December 16, 2016 to December 30, 2016, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.* Therefore, Plaintiff is entitled to recover $531.38.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to

liquidated damages in the amount of $531.38.  Plaintiff is entitled to recover a total of **$1,062.76** for the period of December 16, 2016 to December 30, 2016.

33.     During the period of January 1, 2017 to January 15, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.* Therefore, Plaintiff is entitled to recover $138.38.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $138.38.  Plaintiff is entitled to recover a total of **$276.76** for the period of January 1, 2017 to January 15, 2017.

34.     During the period of January 16, 2017 to January 31, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.* Therefore, Plaintiff is entitled to recover $137.81.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $137.81.  Plaintiff is entitled to recover a total of **$275.62** for the period of January 16, 2017 to January 31, 2017.

35.     During the period of February 1, 2017 to February 15, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq*.  Therefore, Plaintiff is entitled to recover $12.00.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $12.00.  Plaintiff is entitled to recover a total of **$24.00** for the period of February 1, 2017 to February 15, 2017.

36.     During the period of February 16, 2017 to February 28, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq*.  Therefore, Plaintiff is entitled to recover $21.00.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $21.00.  Plaintiff is entitled to recover a total of **$42.00** for the period of February 16, 2017 to February 28, 2017.

37.     During the period of March 1, 2017 to March 15, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $27.75.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $27.75.  Plaintiff is entitled to recover a total of **$55.50** for the period of March 1, 2017 to March 15, 2017.

38.     During the period of March 16, 2017 to March 31, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $49.50.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $49.50.  Plaintiff is entitled to recover a total of **$99.00** for the period of March 16, 2017 to March 31, 2017.

39.     During the period of April 1, 2017 to April 15, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff

did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $27.00.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $27.00.  Plaintiff is entitled to recover a total of **$54.00** for the period of April 1, 2017 to April 15, 2017.

40.    During the period of April 16, 2017 to April 30, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $3.00.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $3.00.  Plaintiff is entitled to recover a total of **$6.00** for the period of April 16, 2017 to April 30, 2017.

41.    During the period of May 1, 2017 to May 15, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $27.00.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $27.00.  Plaintiff is entitled to recover a total of **$54.00** for the period of May 1, 2017 to May 15, 2017.

42.    During the period of May 16, 2017 to May 30, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.* Therefore, Plaintiff is entitled to

recover $23.00.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $23.00.  Plaintiff is entitled to recover a total of **$46.00** for the period of May 16, 2017 to May 30, 2017.

43.     During the period of June 1, 2017 to June 15, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $18.00.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $18.00.  Plaintiff is entitled to recover a total of **$36.00** for the period of June 1, 2017 to June 15, 2017.

44.     During the period of June 16, 2017 to June 30, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $12.00. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $12.00.  Plaintiff is entitled to recover a total of **$24.00** for the period of June 16, 2017 to June 30, 2017.

45.     During the period of July 1, 2017 to July 15, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $30.00.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the

amount of $30.00.  Plaintiff is entitled to recover a total of **$60.00** for the period of July 1, 2017 to July 15, 2017.

46.     During the period of July 16, 2017 to July 30, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $33.00.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $33.00.  Plaintiff is entitled to recover a total of **$66.00** for the period of July 16, 2017 to July 30, 2017.

47.     During the period of August 1, 2017 to August 15, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $10.50.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $10.50.  Plaintiff is entitled to recover a total of **$21.00** for the period of August 1, 2017 to August 15, 2017.

48.     During the period of August 16, 2017 to August 30, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $18.00.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $18.00.  Plaintiff is entitled to recover a total of **$36.00** for the period of August 16, 2017 to August 30, 2017.

48.     During the period of September 1, 2017 to September 15, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $24.00.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $24.00.  Plaintiff is entitled to recover a total of **$48.00** for the period of September 1, 2017 to September 15, 2017.

49.     During the period of September 16, 2017 to September 30, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $24.00.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $24.00.  Plaintiff is entitled to recover a total of **$48.00** for the period of September 16, 2017 to September 30, 2017.

50.     During the period of October 1, 2017 to October 15, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $33.00.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $33.00.  Plaintiff is entitled to recover a total of **$66.00** for the period of October 1, 2017 to October 15, 2017.

51.     During the period of October 16, 2017 to October 31, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that

Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $30.00.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $30.00.  Plaintiff is entitled to recover a total of **$60.00** for the period of October 16, 2017 to October 31, 2017.

52.     During the period of November 1, 2017 to November 15, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $21.00.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $21.00.  Plaintiff is entitled to recover a total of **$42.00** for the period of November 1, 2017 to November 15, 2017.

53.     During the period of November 16, 2017 to November 30, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $28.50.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $28.50.  Plaintiff is entitled to recover a total of **$57.00** for the period of November 16, 2017 to November 30, 2017.

54.     During the period of December 1, 2017 to December 15, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is

entitled to recover $21.00.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $21.00.  Plaintiff is entitled to recover a total of **$42.00** for the period of December 1, 2017 to December 15, 2017.

55.     During the period of December 16, 2017 to December 31, 2017, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $18.00.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $18.00.  Plaintiff is entitled to recover a total of **$36.00** for the period of December 16, 2017 to December 31, 2017.

56.     During the period of January 1, 2018 to January 15, 2018, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $113.50.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $113.50.  Plaintiff is entitled to recover a total of **$227.00** for the period of January 1, 2018 to January 15, 2018.

57.     During the period of January 16, 2018 to January 31, 2018, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $23.25.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated

damages in the amount of $23.25.  Plaintiff is entitled to recover a total of **$46.50** for the period of January 16, 2018 to January 31, 2018.

58.     During the period of February 1, 2018 to February 15, 2018, Defendants willfully failed to pay wages to Plaintiff pursuant to 29 U.S.C. § 206(a) for each half-hour meal break that Plaintiff did not take.  Further, Defendants willfully failed to abide by the provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*  Therefore, Plaintiff is entitled to recover $6.00.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount of $6.00.  Plaintiff is entitled to recover a total of **$12.00** for the period of February 1, 2018 to February 15, 2018.

59.     Plaintiff is entitled to recover from the Defendant, a total of **$5,103.00** as damages related to not being paid for work performed for bona fide meal periods not taken, as required by 29 U.S.C. § 206(a).

## SECOND CAUSE OF ACTION

60.     In accordance with section 3(m) of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*, a tipped employee's regular rate of pay includes the amount of tip credit taken by the employer per hour (not in excess of the minimum wage required by section 6(a)(1) minus $2.13), the reasonable cost or fair value of any facilities furnished to the employee by the employer, as authorized under section 3(m) and this part 531, and the cash wages including commissions and certain bonuses paid by the employer. Any tips received by the employee in excess of the tip credit need not be included in the regular rate. Such tips are not

payments made by the employer to the employee as remuneration for employment within the meaning of the Act.

61.     Pursuant to 29 CFR 551.301 Minimum wage section **(a)(1)** except as provided in paragraph (a)(2) of this section and 29 CFR 551.311, an agency shall pay each of its employees' wages at rates not less than the minimum wage specified in section 6(a)(1) of the Act for all hours of work as defined in subpart D of this part.

62.     Because Mr. Ruddiman worked as a bartender, his hourly rate is calculated in accordance with the tip credit that Defendants were able to enjoy under the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.* At the same time, Defendants had to ensure this hourly rate satisfied both the federal and state standards for minimum wage.

63.     Mr. Ruddiman's pay records revealed timeframes when GEM Hospitality failed to compensate him at the correct hourly rate.

64.     On the time sheets from November 2016 to January 31, 2017, there are no records of tips charged or tips disbursed through a tip pool scheme. As such, during these pay periods, Defendants were required to pay Mr. Ruddiman and all others similarly situated the minimum wage as mandated by both federal and state law during the respective years.

65.     As a proximate result of the aforementioned violations, the Plaintiff and all others similarly situated have been damaged in an amount according to proof at trial, and seek all wages and tips earned and due, interest, penalties, attorneys' fees, expenses, and costs of suit.

## THIRD CAUSE OF ACTION

66.     Defendants failed the compensate the Plaintiff and all others similarly situated for overtime pay. Employees covered by the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.* must receive overtime pay for hours worked in excess of 40 within a workweek of at least one and one-half times their regular rates of pay. Pursuant to 29 CFR 531.60, when overtime is worked by a tipped employee who is subject to the overtime pay provisions of the Act, the employee's regular rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid.

67.     Mr. Ruddiman was a tipped employee subject to the overtime pay provisions of the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.* Mr. Ruddiman's pay records revealed timeframes when Defendants failed to compensate him at an overtime pay rate. As such, Defendants are also liable for paying Mr. Ruddiman and all class members for overtime pay he/they should have received.

68.     In Mr. Ruddiman's Earnings Statement for the pay period from December 1, 2017 to December 15, 2017, the overtime pay rate is indicated as $10.05 while the regular rate is $6.00. During that pay period, Mr. Ruddiman did not have any overtime reported on his earnings statement. Then, in the earnings statement for the following pay period from January 1, 2018 to January 15, 2018, the overtime pay rate is indicated as $9 due to an override during payroll processing. Even though $9 is 1.5 times Mr. Ruddiman's rate, overtime rates should not fluctuate

to the employee's detriment. Considering the rate of pay for regular hours did not also get reduced, a decrease in the overtime rate is unwarranted.

69.     As a proximate result of the aforementioned violations, the Plaintiff and all others similarly situated have been damaged in an amount according to proof at trial, and seek all wages and tips earned and due, interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

70.     Defendants failed to compensate Mr. Ruddiman and all others similarly situated for training pay for which they were entitled.  Pursuant to the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*, an employee's time attending a meeting, seminar, lecture, or training must be counted as hours worked.

71.     The training that Mr. Ruddiman and all others similarly situated completed did not meet the following four requirements to exempt Defendants from having to compensate them accordingly: 1) the attendance would have to be outside the employee's regular working hours; 2) the attendance would in fact be voluntary; 3) the meeting, seminar, lecture, or training would not be directly related to the employee's job; and 4) the employee does not perform productive work while attending the meeting, seminar, lecture, or training.

72.     For the pay period between January 1, 2018 and January 15, 2018, Mr. Ruddiman worked as a total of 28.5 hours of regular training hours and 9 hours of overtime training hours. He also worked a total of 26.75 hours and 3.5 regular overtime hours. He was paid for 55.25 hours at a rate of $6/hour. He was also paid for 13 hours of overtime pay at a rate of $13/hour.

73.     Even though Mr. Ruddiman was paid what appears to be time and half based on the regular rate of $6 indicated on his earning statement for that period, he should have received $12 for training pay for overtime hours as well as $8 for training for regular hours.

74.     As such, Mr. Ruddiman was paid $6 instead of $8 for 28.5 hours of regular hours. Mr. Ruddiman is owed an additional $2 per hour, totaling $57.00.

75.     He was also paid $9 instead of $12 for 9.5 hours of overtime training. He is owed an additional $3 per hour, totaling $28.5.

76.     In conclusion, Mr. Ruddiman is entitled to recover $85.50. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to liquidated damages in the amount of $85.50. Plaintiff is entitled to recover a total of **$171.00** for the period of January 1, 2018 to January 15, 2018.

77.     Mr. Ruddiman also attended staff meetings about once or twice a month without compensation. He was required to go in even on his days off and even when the meetings were for just one hour.

78.     As a proximate result of the aforementioned violations, the Plaintiff and all others similarly situated have been damaged in an amount according to proof at trial, and seek all wages and tips earned and due, interest, penalties, attorneys' fees, expenses, and costs of suit.

## **FIFTH CAUSE OF ACTION**

79.     Mr. Ruddiman is owed tips earned that were either never given to Mr. Ruddiman or were partially taken from him pursuant to a tip pooling scheme.

80.     Pursuant to 29 CFR 531.54 with respect to tip pooling, where employees practice tip splitting, as where waiters give a portion of their tips to the busboys, both the amounts retained

by the waiters and those given the busboys are considered tips of the individuals who retain them, in applying the provisions of section 3(m) and 3(t).

81.     Similarly, where an accounting is made to an employer for his information only or in furtherance of a pooling arrangement whereby the employer redistributes the tips to the employees upon some basis to which they have mutually agreed among themselves, the amounts received and retained by each individual as his own are counted as his tips for purposes of the Act. Section 3(m) does not impose a maximum contribution percentage on valid mandatory tip pools, which can only include those employees who customarily and regularly receive tips. However, an employer must notify its employees of any required tip pool contribution amount, may only take a tip credit for the amount of tips each employee ultimately receives, and may not retain any of the employees' tips for any other purpose.

82.     Defendants failed to tip out Mr. Ruddiman's entitled apportionment of tips accumulated in the tip pool during his capacity as a banquet bartender. When he was suspected of allegedly making cash tips, he was not given his fair share of the tip pool.

83.     Because Defendants excluded Mr. Ruddiman from the tip pooling scheme at times, they should not have been take a tip credit. On this basis, Mr. Ruddiman should have received an hourly rate that met the required minimum wage.

84.     Mr. Ruddiman is further entitled to receive his share of tips that were rightfully his.

85.     When Mr. Ruddiman did receive tips as part of the tip pooling scheme, 30% of his tips were taken out of tips charged on credit cards. This 30% was intended for the bar backs. However, 30% was deducted from his tips on Sundays when there was no bar back on duty. Under the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*, Defendants were not allowed to keep a portion of the tips for any other purpose than tip pooling. If the tips did

not go to a bar back, Defendants were required to give the tips to Mr. Ruddiman as they were rightfully his under the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq*.

86.     The manner in which GEM applied the tip pooling scheme also violated the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq*. The 30% that was deducted from his tips for bar backs was based on the total sales rather than net sales after coupons and various discounts. For instance, on one occasion, Mr. Ruddiman rang us $1800 in sales, but net sales amounted to $1100 after coupons and discounts were applied. The tip pooling scheme deducted 30% from $1800 rather than $1100 to his detriment. By applying this tip pooling scheme based on total sales rather than actual sales or overall tips received, Defendants ensured that bartenders like Mr. Ruddiman offset the minimum wage requirements for bar backs so they could avoid paying a higher minimum cash wage. As previously stated, Defendants were not allowed to keep a portion of the tips for any other purpose than tip pooling. The manner in which it carried out a tip pooling scheme was done to maximize their tip credit.

87.     At the same time, Defendants also ensured that it would be highly probable or reasonably certain that Mr. Ruddiman or all others similarly situated would not be able to challenge their tip pooling scheme due to the lack of records.

88.     As a proximate result of the aforementioned violations, the Plaintiff and all others similarly situated have been damaged in an amount according to proof at trial, and seek all wages and tips earned and due, interest, penalties, attorneys' fees, expenses, and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against Defendants, inclusive, and each of them as follows:

1. For compensatory damages in an amount to be ascertained at trial.

2. For restitution of all monies due to the Plaintiff and class members, as well as disgorged profits from the unfair and unlawful business practices of Defendants.

3. For meal and rest period compensation pursuant to the Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*

4. For liquidated damages pursuant to Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*

5. For preliminary and permanent injunctive relief enjoining Defendants from violations the relevant provisions of Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*, and from engaging in the unlawful business practices complained of herein;

6. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.*

7. For interest on the unpaid pages pursuant to Federal Labor Standards Act of 1938, as amended, 29 U.S. Code § 201, *et seq.* and/or any other applicable provision providing for pre-judgment interest.

8. For reasonable attorneys' fees and costs as a results of being required to file and prosecute this action for unpaid overtime, as provided by 29 U.S.C. section 216(b).

9. For declaratory.

10. For an order requiring and certifying the First, Second, Third, Fourth, and Fifth Causes of Action as a class action.

11. For an order appointing Plaintiff as class representative and Plaintiff's counsel as class counsel; and

12. For such further relief that the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial with respect to all issues triable of right by jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFIY** that on this 18th day, January, 2019, I electronically filed the foregoing document with the Clerk of the court using CM/ECF and a true and correct copy of the foregoing document will be served on the Defendant via service of process in due course.

Gordon & Partners, P.A.

3309 Northlake Boulevard, Suite 207

Palm Beach Gardens, FL  33403

(561) 799-5070 / fax (561) 799-5763

Attorneys for Plaintiff

**/s/ Christine M. Tomasello, Esq.**
Florida Bar No.: 22913
ctomasello@fortheinjured.com
kmclaughlin@fortheinjured.com